**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0257-17T3

SEYMA O. LEVINE, individually
and as ADMINISTRATRIX of the
ESTATE OF BERNARD LEVINE,

      Plaintiff-Appellant,

v.

KINDRED HOSPITAL NEW JERSEY -
MORRIS COUNTY, and SELECT
SPECIALTY HOSPITAL - NORTHEAST
NEW JERSEY,

      Defendants-Respondents.

_____

        Submitted December 20, 2018 – Decided April 15, 2019

        Before Judges Simonelli and DeAlmeida.

        On appeal from Superior Court of New Jersey, Law
        Division, Bergen County, Docket No. L-1965-16.

        Seyma O. Levine, appellant pro se.

Farkas & Donohue, LLC, attorneys for respondent Kindred Hospital New Jersey (David C. Donohue, of counsel; Christine M. Jones, on the brief).

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondent Select Specialty Hospital Northeast New Jersey (Walter F. Kawalec, III, on the brief).

PER CURIAM

In this medical malpractice matter, plaintiff Seyma O. Levine appeals from the following Law Division orders:

1. the June 12, 2017 order granting the motion of defendant Kindred Hospital New Jersey (Kindred) to dismiss the complaint with prejudice for plaintiff's failure to serve an affidavit of merit (AOM) in compliance the AOM statute, N.J.S.A. 2A:53A-24 to -29;

2. the August 21, 2017 order granting the motion of defendant Select Specialty Hospital-Northeast New Jersey (Select) for summary judgment and dismissal of the complaint with prejudice for plaintiff's failure to serve an expert's report;

3. the October 27, 2017 order denying plaintiff's motion for recusal of the trial judge; and

4. the November 3, 2017 order denying plaintiff's motion for a change of venue.[1]

_____

[1] Plaintiff's notice of appeal indicates she is also appealing from the August 8, 2017 order denying her motion for reconsideration of the June 12, 2017 order, and the October 27, 2017 order denying her motion for reconsideration of the

We have considered plaintiff's arguments relating to recusal of the trial judge, change of venue, and Kindred's vicarious liability in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). In addition, we decline to address plaintiff's argument, raised for the first time in her reply brief, that an expert's report as to Select was not necessary because the medical records of Select and New York Presbyterian Hospital demonstrated Select's negligence;[2] Select's negligence was a matter of common knowledge; and res ipsa loquitor applied. See Goldsmith v. Camden Cty. Surrogate's Office, 408 N.J. Super. 376, 387 (App. Div. 2009) ("raising an issue for the first time in a reply brief is improper") (quoting Borough of Berlin v. Remington & Vernick Engr's, 337 N.J. Super. 590, 596 (App. Div. 2001).

Accordingly, we focus on the dismissal of plaintiff's complaint with prejudice as to Kindred for failure to comply with the AOM statute, and the

August 21, 2017 order. However, plaintiff did not address these orders in her merits brief. The issues therefore are deemed waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

[2] These documents are not in the record.

grant of summary judgment and dismissal of the complaint with prejudice as to Select for failure to serve an expert's report.

I.

The following facts inform our review. Plaintiff's husband, Bernard Levine (decedent), was treated at Select from September 28, 2012 until December 2012. He was admitted to Kindred on February 7, 2014, and discharged on March 18, 2014, against medical advice. The decedent was also treated at a number of other hospitals, both before and after his admission to Kindred and Select.

On February 22, 2016, plaintiff, individually and as administratrix of the decedent's estate, filed a complaint pro se against Kindred and Select, asserting claims of medical malpractice against "physicians, surgeons, doctors, interns, residents, nurses and other personnel employed at" Kindred and Select.

On June 17, 2016, the court held a Ferreira[3] conference with plaintiff and Select. Kindred did not appear because plaintiff failed to adequately serve it with the summons and complaint. However, on June 27, 2016, the court entered default against Kindred. Kindred subsequently filed a motion to vacate default,

---

[3] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

which the court granted. On December 27, 2016, Kindred filed an answer and demand for an AOM within sixty days pursuant to N.J.S.A. 2A:53A-27.

Plaintiff provided an AOM from Axel Pflueger, M.D., Ph.D., dated June 16, 2016. Because the AOM only identified Select, on January 30, 2017, Kindred notified plaintiff the AOM was not appropriate as to Kindred and Kindred would file a motion to dismiss the complaint with prejudice if plaintiff did not serve an appropriate AOM within the statutory period.

Plaintiff provided a second AOM from Pflueger, also dated June 16, 2016, which was identical to the first AOM, except it identified Kindred. The AOM stated as follows:

> Axel Pflueger, M.D. Ph.D being sworn states:
>
> 1. I am a physician licensed in the State of New Jersey.
>
> 2. I am board certified in Internal Medicine and Nephrology.
>
> 3. For a period in excess of five years a substantial share of my practice has been devoted to Internal Medicine and Nephrology.
>
> 4. Based on the records which I have reviewed, there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work of Kindred Hospital-Morris County upon the patient Mr. Bernard Levine, fell outside acceptable professional treatment standards.

5

5. I have no financial interest in the outcome of this action.

Pflueger did not sign the AOM before a notary public.

On February 14, 2017, Kindred notified plaintiff the AOM was not appropriate because Pflueger was not a licensed person qualified to provide an AOM against a facility such as Kindred. Kindred also stated that Pflueger did not identify anyone within Kindred that he believed deviated from accepted standards of care. Kindred advised plaintiff it would file a motion to dismiss the complaint with prejudice if she failed to provide an appropriate AOM within the statutory period.

On April 6, 2017, Kindred notified plaintiff that Pflueger's AOM was also not appropriate because he did not sign it before a notary public. Kindred again advised plaintiff it would file a motion to dismiss the complaint with prejudice if she did not provide an appropriate AOM within the statutory period.

The statutory period expired on April 26, 2017, without plaintiff having provided an appropriate AOM. On May 7, 2017, Kindred filed a motion to dismiss the complaint with prejudice for plaintiff's failure to provide an appropriate AOM. Plaintiff filed opposition and served a third AOM from Pflueger, dated May 22, 2017.

A-0257-17T3

The trial court found that an AOM was required in this matter because plaintiff's claims involved the professional conduct of employees and staff of Kindred as medical providers. The court determined that plaintiff's claims required an analysis of Kindred's duty and responsibilities as a provider of medical care at a long-term facility, which were outside the common knowledge of the average juror. The court also found that Kindred qualified as a "licensed person" under N.J.S.A. 2A:53A-26.

The court found Pflueger's AOM was not sufficiently specific as to the negligent persons or actions; rather, the AOM was a "blanket affidavit" that did not comport with Fink v. Thompson, 167 N.J. 551 (2001), as it did not identify any negligent providers and their skill, level, or specialty. The court noted that Pflueger appeared to ascribe general negligence in pulmonology and nursing care; however, he is Board certified in nephrology and internal medicine and not qualified to opine as to whether Kindred's medical staff deviated from the standard of care.

The court concluded that plaintiff provided an AOM that was improper and untimely. The court found the May 22, 2017 AOM did not cure the deficiencies, it was served beyond the 120-day deadline, and there were no

A-0257-17T3

exceptional circumstances to warrant an extension. In rejecting plaintiff's request for a hardship extension, the court concluded:

> [plaintiff did] not address the critical deficiencies in [] Pflueger's [AOM]. First, the [AOM] is insufficiently specific in identifying physicians who rendered substandard care and identifying those negligent acts. Second, . . . Plfueger is only able to opine as to deviations from the standard of care of internists and nephrologists, and not pulmonologists, nurses, or direct claims against Kindred.

The court entered an order on June 12, 2017, memorializing its decision.

On appeal, plaintiff contends an AOM was not required against a business entity, such as Kindred, under the version of N.J.S.A. 2A:53A-27 in effect when she filed her complaint on February 22, 2016. Plaintiff posited that N.J.S.A. 2A:53A-27 was amended on April 14, 2016, to include the following language: "the plaintiff shall, at the time of filing the complaint, provide each defendant, including any business entity named as a defendant, with an [AOM]."

We review a trial court's decision to dismiss a complaint under the AOM statute de novo. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016). We also review de novo a trial court's determination of whether an AOM is required; whether the court should have held a Ferreira conference; and whether the plaintiff has demonstrated extraordinary circumstances as a defense to the

AOM statute.  Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 113 (App. Div. 2011).  Applying these standards, we discern no reason to reverse.

Contrary to plaintiff's argument, N.J.S.A. 2A:53A-27 was not amended in April 2016.  Since 2004, N.J.S.A. 2A:53A-27 has provided as follows, in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in [N.J.S.A. 2A:53A-41]. . . . The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

A-0257-17T3

Although N.J.S.A. 2A:53A-27 does not specifically refer to actions against a business entity, the statute requires an AOM to be served "[i]n any action for damages . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation . . . ." N.J.S.A. 2A:53A-27 (emphasis added). The definition of "licensed person" includes "any person who is licensed as . . . a healthcare facility as defined in [N.J.S.A. 26:2H-2]." N.J.S.A. 2A:53A-26(j). Under N.J.S.A. 26:2H-2(a), a "healthcare facility" includes "the facility or institution, whether public or private, that is engaged principally in providing services for health maintenance organizations, diagnosis, or treatment of human disease, pain, injury, deformity, or physical condition, including, but not limited to, a general hospital, special hospital . . . treatment center, rehabilitation center, extended care facility," and others. Thus, a healthcare facility, despite being a business entity, is included under the AOM statute's definition of a "licensed person."

Kindred is a long-term healthcare facility, also known as a transitional care hospital, which specializes in caring for difficult to treat and chronically critically ill patients who require specialized and aggressive goal-directed care over an extended recovery period. Kindred therefore is a "licensed person" entitled to an AOM.

10

To determine whether the AOM statute applies to a particular claim against a "licensed person," the court must consider three factors:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).
>
> [Triarsi, 422 N.J. Super. at 114 (alteration in original) (quoting Couri v. Gardner, 173 N.J. 328, 334 (2002)).]

In evaluating the cause of action and the nature of the injury to determine whether a claim requires an AOM, "courts must look to the underlying factual allegations, and not how the claim is captioned in the complaint . . . . [I]t is the nature of the proof required that controls." Ibid. (alteration in original) (quoting Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F. Supp. 2d 307, 315 (D.N.J. 2010)).

The factual allegations in plaintiff's complaint confirm this is a medical malpractice action where plaintiff alleges that Kindred's conduct fell outside acceptable professional standards or treatment practices. Thus, the AOM statute clearly applies to plaintiff's claims against Kindred and plaintiff was required to provide an AOM.

11

Nevertheless, plaintiff argues that even if an AOM was required, she had extenuating health circumstances warranting an exception to the 120-day deadline. Specifically, plaintiff alleges she was unable to provide an appropriate AOM within the 120-day period because she became critically ill in February 2017, within two weeks of Kindred notifying her that Pflueger's AOM was not appropriate.

The failure to provide an AOM is considered "a failure to state a cause of action" under N.J.S.A. 2A:53A-29 and warrants a dismissal with prejudice. A.T. v. Cohen, 231 N.J. 337, 346 (2017). However, New Jersey courts have "recognized equitable exceptions to 'temper the draconian results of an inflexible application of the statute[.]'" Ibid. (quoting Ferreira, 178 N.J. at 151). One of these equitable exceptions is that "a complaint will be dismissed without prejudice if there are extraordinary circumstances to explain noncompliance." Ferreira, 178 N.J. at 151.

In order to determine whether there are extraordinary circumstances, the court must engage in "a fact-sensitive [case-by-case] analysis." Tischler v. Watts, 177 N.J. 243, 246 (2003) (alteration in original) (quoting Hartsfield v. Fantini, 149 N.J. 611, 618 (1997)). However, "ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline [of

N.J.S.A. 2A:53A-27]." Hyman Zamft & Manard, LLC v. Cornell, 309 N.J. Super. 586, 593 (App. Div. 1998)). The 120-day deadline for which to file an AOM will not be extended for "carelessness, lack of circumspection, lack of diligence, or ignorance of the law." Balthazar v. Atl. City Med. Ctr., 358 N.J. Super. 13, 26 (App. Div. 2003).

In addition, "[p]rocedural rules are not abrogated or abridged by plaintiff's pro se status." Rosenblum v. Borough of Closter, 285 N.J. Super. 230, 241 (App. Div. 1995). If litigants choose to represent themselves, "they must understand that they are required to follow accepted rules of procedure promulgated by the Supreme Court to guarantee an orderly process. Such litigants are also presumed to know, and are required to follow, the statutory law of this State." Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989).

There were no extraordinary circumstances here to warrant extension of the 120-day deadline. The 120-day deadline expired on April 26, 2017. Plaintiff knew of her obligation to provide an AOM as of December 27, 2016, when Kindred filed its answer and demand for an AOM. Plaintiff knew as of January 30, 2017 that Pflueger's first AOM was not appropriate and that Kindred would file a motion to dismiss with prejudice if she did not timely provide an

13

appropriate AOM.  This occurred well before plaintiff fell ill in February 2017 and was hospitalized in March 2017.

In addition, while plaintiff claims she was hospitalized throughout March 2017, Kindred notified her on February 14, 2017 that Pflueger's second AOM was not appropriate and Kindred would file a motion to dismiss the complaint with prejudice if she did not timely provide an appropriate AOM.  Further, Kindred again notified plaintiff on April 6, 2017, after her release from the hospital, that Pflueger's second AOM was not appropriate and Kindred would file a motion to dismiss the complaint with prejudice if she did not timely provide an appropriate AOM.  However, plaintiff made no effort to provide an appropriate AOM before the 120-day time period expired on April 26, 2017, nor did she notify Kindred or the court of her health concerns or request an extension of time to file the AOM prior thereto.  In fact, despite that Kindred filed its motion to dismiss on May 7, 2017, plaintiff did not attempt to serve a third AOM until May 22, 2017, well after the 120-day deadline.

The AOM statute "does not impose overly burdensome obligations.  The plaintiff must keep an eye on the calendar and obtain and serve the [AOM] within the statutory timeframe."  Estate of Yearby v. Middlesex Cty., 453 N.J. Super. 388, 407 (App. Div. 2018) (quoting Ferreira, 178 N.J. at 146).  We do

not find extraordinary circumstances where the record "shows an undisputed pattern of inattentiveness coupled with outright ignorance of the legal requirements of the [AOM statute][.]" Ibid.

Although plaintiff alleges her health problems prevented her from timely serving an appropriate AOM, she had approximately three months, including the time before and after her health issues began, to do so and nevertheless made no attempt to comply. Thus, plaintiff has not demonstrated extraordinary circumstances warranting an exception to the 120-day deadline.

Nevertheless, plaintiff argues that Pflueger's June 16, 2016 AOM substantially complied with the AOM statute. We disagree.

The doctrine of substantial compliance "is invoked so that technical defects will not defeat a valid claim" and provides that "[a] complaint will not be dismissed if the plaintiff can show that he has substantially complied with the statute." Ferreira, 178 N.J. at 151. In order to establish substantial compliance, the plaintiff must show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.

> [Ibid. (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353 (2001)).]

Substantial compliance "is a concept that requires a court to go beyond the literal language [of the statute] in order to implement the legislative intent and its policy mandate." Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 205 (App. Div. 2000).

Plaintiff has not established any of the elements of substantial compliance. In particular, she did not attempt to comply with the clear mandate of the AOM statute during the 120-day maximum statutory timeframe despite Kindred repeatedly advising her of her obligation to do so. She also did not request a Ferreira conference, inform Kindred or the court of any difficulty she experienced in obtaining an appropriate AOM, or produce any evidence showing "a general compliance with the purpose of the statute." Estate of Yearby, 453 N.J. Super. at 403 (quoting Palanque v. Lambert-Woolley, 168 N.J. 398, 405 (2001)).

Our case law "has acknowledged repeatedly that the primary purpose of [the AOM statute] is 'to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.'" Fink, 167 N.J. at 559 (quoting In re Petition of Hall, 147 N.J. 379, 391 (1997)). "Requiring a threshold

16

showing of merit balances the goal of reducing frivolous lawsuits and the imperative of permitting injured plaintiffs the opportunity to pursue recovery from culpable defendants." Ibid. Thus, substantial compliance has been found where a clear statement of the plaintiff's theory of negligence and the expert's opinion concerning the theory's validity is provided. See id. at 562-64.

Pflueger's June 16, 2016 AOM did not provide a clear statement of plaintiff's theory of negligence and his opinion concerning the theory's validity. Rather, the AOM merely stated that "there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work of [Kindred] upon [the decedent] fell outside acceptable professional treatment standards."

"[E]xcept for the generic, non-descriptive allegations reflected in the complaint" Pflueger did not identify the standard of care applicable to Kindred or its employees, nor did he "describe what actions defendants took or failed to take that deviated from the relevant standard of care." Estate of Yearby, 453 N.J. Super. at 403-04. Thus, plaintiff has not demonstrated a general compliance with the purpose of the AOM statute or a reasonable notice of the claims against Kindred within the 120-day time period.

Moreover, "[t]he [AOM] statute requires a plaintiff to show 'that the complaint is meritorious by obtaining an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional negligence.'" Stoecker v. Echevarria, 408 N.J. Super. 597, 611 (App. Div. 2009) (quoting Ferreira, 178 N.J. at 149-50). "'[T]he challenging expert' who executes an affidavit of merit in a medical malpractice case, generally, should 'be equivalently-qualified to the defendant' physician." Buck v. Henry, 207 N.J. 377, 389 (2011) (quoting Ryan v. Renny, 203 N.J. 37, 52 (2010)). Accordingly, we have held that an AOM should be executed by a like-licensed professional because a licensed professional "who makes a mistake and harms another person should reasonably anticipate that he or she can be held to account for that mistake by the professional board that has issued him or her a license to practice." Hill Int'l, Inc. v. Atl. City Bd. of Educ., 438 N.J. Super 562, 587 (App. Div. 2014). We also held:

> Assuming the affiant is such a like-licensed professional, the affiant must also satisfy the additional criteria . . . requiring that the affiant have "particular expertise in the general area or specialty involved in the action," which can be established either by board certification or the affiant's devotion of a substantial amount of his or her practice to that relevant general area or specialty within the past five years.
>
> [Id. at 588 (quoting N.J.S.A. 2A:53A-27).]

Pflueger is Board certified in internal medicine and nephrology and has devoted a substantial portion of his practice to these areas of medicine. He therefore is not a like-licensed professional who has particular expertise in the general area or specialty involved in this matter.

In addition, in his June 16, 2016 and May 22, 2017 AOMs, Pflueger did not identify persons within Kindred that he believed deviated from accepted standards of care. Although his May 22, 2017 AOM contained additional information regarding the decedent's treatment at Kindred, and the conditions that Pflueger believed were caused by that treatment, Pflueger did not identify the medical professionals within Kindred who were alleged to have deviated from the applicable standard of care, nor did he identify the roles those individuals played in the decedent's treatment. To the extent the May 22, 2017 AOM did identify medical professionals by stating "the nurse refused to rectify the problem," Pflueger is not qualified to provide an AOM regarding a nurse's conduct, as physicians and nurses are not like-licensed professionals. See ibid. Thus, the untimely May 22, 2017 AOM failed to comply with the AOM statute. See Fink, 167 N.J. at 560 (finding the AOM statute "requires that a plaintiff provide an affidavit to each defendant detailing a reasonable probability that at least one claim concerning each defendant has merit").

Plaintiff contends that if she was required to provide an AOM, the court erred by not holding a second Ferreira conference to address the deficiencies in Pflueger's June 16, 2016 AOM and whether Plfueger was qualified to provide an AOM. We reject this contention.

In Ferreira, our Supreme Court "required that a 'case management conference be held within ninety days of the service of an answer in all malpractice actions.'" Buck, 207 N.J. at 394 (quoting Ferreira, 178 N.J. at 154). The Court stated:

> At the conference, the court will address all discovery issues, including whether an [AOM] has been served on defendant. If an affidavit has been served, defendant will be required to advise the court whether he has any objections to the adequacy of the affidavit. If there is any deficiency in the affidavit, plaintiff will have to the end of the 120-day time period to conform the affidavit to the statutory requirements. If no affidavit has been served, the court will remind the parties of their obligations under the statute and case law.
>
> [Ferreira, 178 N.J. at 155.]

Ferreira conferences are "designed to identify and alleviate issues regarding the [AOM,]" Meehan v. Antonellis, 226 N.J. 216, 221 (2016), and "to serve as a reminder of the obligation and to facilitate early identification of 'any deficiency in [an] affidavit' already served by a plaintiff." A.T., 231 N.J. at 347 (alteration

in original) (quoting Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 423-24 (2010)). However, the Ferreira conference "was never intended, nor could it have been, as an overlay on the statute that would effectively extend the legislatively prescribed filing period." Ibid. (quoting Paragon, 202 N.J. at 419). Accordingly, "the failure to hold [a Ferreira conference] does not toll the time limits of the AOM statute." Triarsi, 422 N.J. Super. at 121-22. Thus, "reliance on the scheduling of a Ferreira conference to avoid the strictures of the [AOM] statute is entirely unwarranted and will not serve to toll the statutory time frames." A.T., 231 N.J. at 348 (quoting Paragon, 202 N.J. at 426).

Here, although plaintiff concedes the court held a Ferreira conference on June 17, 2016, it is undisputed that Kindred did not attend because plaintiff did not properly serve Kindred with the summons and complaint. Thus, the issue is whether the court should have held a second Ferreira conference after Kindred filed its answer.

Plaintiff claims a second conference was necessary because she was unaware of the requirements for an AOM "on a claim against a facility," and the requirements would have been clarified if a Ferreira conference had been held. However, this argument not only lacks merit, it also does not allow the court to

21

toll the 120-day period. Although a trial court is required to hold a Ferreira conference within ninety days of an answer being filed, in order to address the plaintiff's obligations under the AOM statute, the court's failure to do so will not excuse a plaintiff's failure to comply with the AOM statute. Paragon, 202 N.J. at 425-26. In fact, we have explicitly held that "[w]hile an early case management conference may well have clarified for the defendants . . . the need to file an [AOM] . . . the failure to conduct such a Ferreira conference does not toll the timeframes set forth in the [AOM] statute." Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 542 (App. Div. 2009).

A Ferreira conference was never intended "as an overlay on the statute that would effectively extend the legislatively prescribed filing period." A.T., 231 N.J. at 347-48 (quoting Paragon, 202 N.J. at 419). Thus, the failure of the court to hold a second Ferreira conference here did not excuse plaintiff's failure to timely provide an appropriate AOM as to Kindred. Quinn, 410 N.J. Super. 542. Further, plaintiff's claim that she was unaware of her obligations under the AOM statute lacks merit, as she attended a Ferreira conference as to Select and was advised multiple times of her obligation to provide an appropriate AOM as to Kindred within the statutory period.

22

There was no confusion about whether the time to serve an appropriate AOM was tolled pending a <u>Ferreira</u> conference.  Plaintiff does not claim she was waiting for the court to hold a second conference before providing an AOM as to Kindred, and Kindred repeatedly advised her of her obligation to timely provide an appropriate AOM and of its intent to file a motion to dismiss with prejudice if she failed to comply.  See <u>Triarsi</u>, 422 N.J. Super. at 122.

Accordingly, regardless of whether or not the court was obligated to conduct a second <u>Ferreira</u> conference, its failure to do so did not toll the 120-day deadline and did not bar dismissal of plaintiff's complaint with prejudice. <u>See</u> <u>Stoecker</u>, 408 N.J. Super. at 616 (finding that, where the trial court conducted several case management conferences and ordered plaintiff to serve her expert reports before the deadline for filing an AOM, the court's failure to explicitly order plaintiff to serve her AOM did not bar dismissal of plaintiff's complaint).

For all of the foregoing reasons, we are satisfied the court properly granted Kindred's motion to dismiss the complaint with prejudice for plaintiff's failure to comply with the AOM statute.

Following the close of discovery, Select filed a motion for summary judgment and to dismiss plaintiff's complaint with prejudice for failure to serve an expert's report. The court entered an order on August 21, 2017, granting the motion. Plaintiff argues the court erred in granting summary judgment because Select failed to comply with Rule 4:46-2(a) by not including a statement of material facts and citations to the record, and did not request an expert's report.

The record contradicts plaintiff's argument. Select included a statement of facts in its summary judgment brief with citations to exhibits, which complied with Rule 4:46-2(a). In addition, Select served Form A(1) Uniform Interrogatories on plaintiff. Interrogatory nine required plaintiff to identify all proposed experts, set forth in detail their qualifications, and attach a copy of their current resume and written reports.

"To prove medical malpractice, ordinarily, 'a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury.'" Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (quoting Gardner v. Pawliw, 150 N.J. 359, 375 (1997)). The plaintiff in a medical malpractice action must therefore demonstrate that the defendant's deviation from the applicable

24

standard of care was, to a reasonable degree of medical probability, the proximate cause of the harm alleged. Germann v. Matriss, 55 N.J. 193, 208 (1970). In medical malpractice cases, the standard of care is usually not a matter of common knowledge and must be established by an expert who specializes in a field of medicine similar to that of the defendant. Komlodi v. Picciano, 217 N.J. 387, 409-10 (2014).

Plaintiff did not provide an expert's report to support her theory of causation or to establish the standard of care for her medical malpractice claim against Select. Accordingly, summary judgment and dismissal of plaintiff's complaint with prejudice as to Select was proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION