236 N.J. Super. 221 (1989)
565 A.2d 419
GEORGE R. TUCKEY AND NANCY M. TUCKEY, PLAINTIFF-APPELLANTS,
v.
THE HARLEYSVILLE INSURANCE COMPANY, MIKE O'NEILL, CLAIMS REPRESENTATIVE AND SEA ISLE CITY, MICHAEL MCHALE, MAYOR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1989.
Decided October 23, 1989.
*223 Before Judges KING and KEEFE.
Nancy M. Tuckey appellant pro se, argued the cause for George R. and Nancy M. Tuckey.
Gerard W. Quinn argued the cause for the respondents (Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, attorneys; Gerard W. Quinn, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Plaintiffs George R. and Nancy M. Tuckey appeal from the entry of two separate orders granting summary judgment in favor of the defendants. The first order was entered on June 30, 1988 in favor of defendants City of Sea Isle City (City) and Michael McHale. The second order was entered on January 3, 1989 in favor of defendants The Harleysville Insurance Company (Harleysville) and Mike O'Neill. For reasons to be more fully stated herein, the order granting summary judgment to City and McHale is reversed while the order granting summary judgment in favor of Harleysville and O'Neill is affirmed.
Plaintiffs, appearing pro se, filed a complaint in the Law Division, Special Civil Part alleging that their boat was damaged on June 15, 1987 when it struck a partially submerged concrete slab near the City's municipal boat ramp. Plaintiffs allege damages in the amount of $648.45. It appears from the record that the complaint was filed on or about April 11, 1988. Answers were duly filed on behalf of all defendants.
On April 29, 1988 the City's solicitor filed the first motion for summary judgment returnable on May 29, 1988. The motion, accompanied by a brief, sought summary judgment on the grounds that plaintiffs had failed to file a notice of claim against the City within 90 days after the accrual of the cause of *224 action pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et seq.
The plaintiffs acknowledge that they received the motion and admit that they were aware that it was for summary judgment. Plaintiffs also received a notification from the court that the motion would be heard on May 27, 1988 rather than May 29th. They contend in their appellate brief that they contacted the Special Civil Part for "a clarification" of the motion. They further contend in their brief that the "Special Civil Part would not assist us with any explanation or procedure to follow through with a Motion." The trial judge granted the application because it was unopposed.
On appeal plaintiffs contend that they should not be bound by rules of procedure and especially those established by the New Jersey Tort Claims Act. They are, of course, wrong in their belief that procedural rules and substantive law are only for attorneys or litigants represented by attorneys. Litigants are free to represent themselves if they so choose, but in exercising that choice they must understand that they are required to follow accepted rules of procedure promulgated by the Supreme Court to guarantee an orderly process. Such litigants are also presumed to know, and are required to follow, the statutory law of this State.
However, the rules governing civil practice in our courts recognize that in certain forms of litigation there is a larger percentage of pro se participation and a need for rules tailored toward easier comprehension by the more unsophisticated litigant. Such is the case for litigation in the Special Civil Part. Rule 6:3-3(c) requires that a motion for summary judgment in the Special Civil Part inform the party against whom the motion is made that: 1) the party has ten days after service of the motion to advise the Clerk of the Court that the motion is opposed; 2) failure to oppose the motion will result in the order being entered; 3) opposition to the motion must be accompanied by a statement containing the basis for the opposition in "particularity"; *225 and 4) the Clerk will set the motion down for a hearing and notify the parties by mail of the time and place for the hearing when opposition is received. The rule in question has no similar counterpart in the motion practice rules governing the Law Division. Compare R. 1:6-2(a); R. 4:46-1. Thus, R. 6:3-3(c) has the salutary effect of informing pro se litigants of the procedures necessary to avoid the entry of orders against them. The rule has the further benefit of relieving court personnel of the obligation to give advice on procedural matters. The motion filed on behalf of defendants City and McHale failed to comply with this rule.
Although plaintiffs have not raised this precise issue on appeal, we raise it sua sponte because we view strict adherence to the rule as a requirement to effect substantial justice. This is especially so in circumstances such as those that exist in this case where the record before us reveals that plaintiffs could have made a cogent argument in opposition to the City's allegation that there was a failure to comply with the notice requirements of N.J.S.A. 59:8-1 et seq. While we do not pass on the merits of plaintiffs' argument nor suggest how the trial judge should decide the issue on remand, we note that substantial compliance with the requirements of N.J.S.A. 59:8-4 is all that is required in order to perfect a claim and that equitable principles of estoppel can preclude a public entity from asserting defenses under N.J.S.A. 59:8-1 et seq. in certain circumstances. Anske v. Borough of Palisades Park, 139 N.J. Super. 342 (App.Div. 1976). Applying this principle of law to the facts in the record before us we note the following: 1) the accident in question was investigated by the New Jersey State Police Marine Law Enforcement Bureau on the date of the accident, and an accident report was filed; 2) John H. Fox, superintendent of Public Works for the City, filed a report concerning the accident which reflects that the accident was reported to him at 9:30 a.m. on June 16, 1987, that he investigated the complaint on June 17, 1987, found the concrete slab which allegedly caused the damage and removed it from the *226 water; 3) on July 23, 1987, John Garofalo, supervising engineer for the State Bureau of Coastal Engineering, wrote a letter to the mayor's office in Sea Isle City setting forth the State's position that the concrete slab obstruction was not "within a `marked' State navigational channel and not within our jurisdiction;" 4) on August 17, 1987 defendant O'Neill, on behalf of Harleysville, advised plaintiffs that he had reviewed Garofalo's letter but, nonetheless, rejected plaintiffs' claim; and 5) on September 8, 1987, the City attorney wrote a letter to plaintiffs in which he took the position that plaintiffs' claim was being denied because of the immunity provided by N.J.S.A. 59:4-9 without reference being made to plaintiffs' failure to comply with the notice of claim provisions of N.J.S.A. 59:8-4.
The second order under review does not suffer from the same procedural defect as the first order. The motion papers in every respect complied with the requirements of R. 6:3-3(c). Therefore, the plaintiffs were appropriately placed on notice of the requirements to avoid the entry of summary judgment against them on that motion. However, plaintiffs contend with reference to the second order that they were told by the Clerk of the Court that the motion would most likely be heard on the trial date, January 4, 1989. Instead, the judge executed the order on January 3, 1989. When plaintiffs appeared on January 4, 1989 they were advised that the case had been dismissed. On January 5, 1989, plaintiffs filed a motion for reconsideration in which they set forth the basis for their opposition to Harleysville's motion. The record reflects that the trial judge considered their opposition and decided the matter on the merits on January 26, 1988. While we cannot agree with the trial judge's reasoning for granting the motion for summary judgment, in view of our remand of the initial order, we nonetheless agree with his conclusion. The complaint in question simply fails to state a claim for which relief can be granted against the City's insurer, Harleysville, and/or its agent, O'Neill. The facts of this case do not permit a direct claim against Harleysville or O'Neill.
*227 In view of the fact that venue in this matter was appropriately transferred to Cape May County after summary judgment was entered for the City and McHale, the matter is remanded to the Special Civil Part in Cape May County for further proceedings in accordance with this opinion.