**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2033-18T2

VARGO LAND SURVEYING,
INC., d/b/a VARGO ASSOCIATES,

    Plaintiff-Respondent,

v.

MONICA MALONE,

    Defendant-Appellant.

_____

        Argued November 7, 2019 – Decided November 18, 2019

        Before Judges Haas and Mayer.

        On appeal from the Superior Court of New Jersey,
        Law Division, Camden County, Docket No. DC-008439-18.

        Jennifer L. Gottschalk argued the cause for appellant.

        Tara Lynn Vargo argued the cause for respondent.

PER CURIAM

    Defendant appeals from a November 5, 2018 judgment entered in favor of

plaintiff after a bench trial. The judge found defendant owed $9,900,

representing the unpaid balance for surveying work performed by plaintiff. We affirm.

The facts are straightforward. Defendant hired plaintiff to survey property she owned in Brigantine City. The survey was to be incorporated into a site plan for development of defendant's property.

Plaintiff performed three tasks for defendant: (1) title review services, (2) property and topographical surveys for Tax Lot 25, Block 5305 (Lot A), and (3) a property survey for Tax Lot 1, Block 5402 (Lot B). Defendant refused to pay for the title review services and surveys for Lot A, contending she "could not use any of the material for [submission to] the planning board," which was her "purpose in hiring [plaintiff]." Defendant claimed plaintiff's survey lines for Lot A differed from the boundary lines shown on the City's maps. According to plaintiff's survey, the State of New Jersey owned the portion of Lot A from the high waterline. This survey finding significantly reduced the available land that could be developed by defendant. Regarding her refusal to pay for the survey work related to Lot B, defendant claimed she never received the survey.

Dissatisfied with plaintiff's survey findings related to Lot A, defendant retained another surveying company because "things were getting very

A-2033-18T2

suspicious and very uncomfortable" and she claimed plaintiff's "survey was not consistent with the other surveys . . . and . . . the [c]ity's block and lot division."

Despite defendant's dissatisfaction with plaintiff's survey findings, defendant's engineer wanted to use some of plaintiff's work in support of defendant's application to the planning board. However, plaintiff would not allow its work to be used until defendant paid in full.

Based on the strained relationship between the parties, due in part to defendant's nonpayment and her hiring another survey firm, plaintiff would only accept payment from defendant by certified check. Defendant was unable to timely obtain a certified check to pay the outstanding balance. Thus, defendant's engineer was unable to use plaintiff's work related to Lot A as part of the planning board submission.

Plaintiff filed a complaint against defendant in the Special Civil Part in Camden County seeking payment for its work. The matter proceeded as a bench trial. Defendant represented herself. Plaintiff was represented by counsel. After hearing testimony, reviewing the exhibits, and making credibility determinations, the trial judge ruled for plaintiff and awarded the sum of $9,900.

The judge found the work done by Vargo Associates "consistent with the proposal for surveying services." In addressing defendant's contention that she

did not receive the survey for Lot B, the judge found "it not credible . . . from the proofs that there was a – at a minimum, an invoice [sent] out, and then also discussions . . . about these two separate jobs . . . it seems inherently unreasonable that [defendant] would get the invoice for that and not . . . raise bloody murder that, well, you know, you're charging me, where is the survey?" The judge explained defendant's testimony did not make sense and concluded the "survey [for Lot B] was . . . done, and the [c]ourt is satisfied that it was conveyed."

In rejecting defendant's contention that plaintiff wrongfully withheld the survey work, the judge found plaintiff's refusal to turn over work "knowing that a substitute surveyor [had] been retained, knowing that there was a dissatisfaction with some of the professional determinations made by [plaintiff], it seems entirely reasonable and justified from a business standpoint to say hey, you know, I need to get paid before I let you use my work." Having determined that defendant's testimony was not credible, the judge concluded "the work was done consistent with the proposal for surveying services, and I'm satisfied that the plaintiff is entitled to get full payment for this work accomplished."

On appeal, defendant contends the trial was unfair because the trial judge prevented her from cross-examining plaintiff's witness, aided in establishing

A-2033-18T2

plaintiff's case, allowed plaintiff's counsel to testify, and permitted plaintiff's attorney to ask leading questions on direct examination. Defendant also claims venue was improper, and the case should have been venued in Atlantic County where she resides.

Our scope of review after a bench trial is limited. Final determinations of a trial court "premised on the testimony of witnesses and written evidence at a bench trial" are deferentially reviewed. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (second alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008)). We also defer to a trial judge's credibility determinations. In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997).

Self-represented litigants "must understand that they are required to follow accepted rules of procedure promulgated by the Supreme Court to

guarantee an orderly process. Such litigants are also presumed to know, and are required to follow, the statutory law of this State." Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989). Litigants who elect to represent themselves are not entitled to greater rights than parties represented by counsel. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).

Detailed information regarding the judicial process for all litigants, particularly self-represented litigants, is posted on the New Jersey Courts website. See Things to Think About Before You Try to Represent Yourself in Court, https://njcourts.gov/forms/11218_things_to_think_about_eng.pdf. Because information regarding court proceedings was readily available to defendant, she was on notice that the Rules of Court applied despite her self-represented status.

Based on our review of the record, defendant was not denied the opportunity to cross-examine plaintiff's witness. Nor did the trial judge improperly question plaintiff's witness. Because this was a bench trial, the judge had the right ask questions directed to both parties to ascertain information necessary to render his decision. See State v. Medina, 349 N.J. Super. 108, 131 (App. Div. 2002) ("Trial judges are vested with the authority to propound questions to qualify a witness's testimony and to elicit material facts on their

6

own initiative and within their sound discretion."). Questioning by a trial judge is appropriate where necessary to "clarify the issues and ascertain the truth." Id. at 132.

We also reject defendant's claim that plaintiff's counsel testified and asked inappropriate leading questions. The judge conducted the trial in a fair and impartial manner. Defendant had the opportunity to present her evidence and cross-examine plaintiff's witness. The fact that defendant elected to proceed without legal counsel and failed to present relevant and admissible evidence in her defense does not render the trial fundamentally unfair.

Having reviewed the record, the trial judge made findings, based on sufficient credible evidence, to support the award of $9,900 to plaintiff. Defendant did not deny she retained plaintiff to perform survey work. Nor did defendant deny failing to pay plaintiff for its survey work.

We next consider defendant's argument that venue was improper. Rule 4:3-3(a) states a change of venue can be ordered for various reasons, including "substantial doubt" that a fair trial may be had in a given location. Defendant does not argue that the matter could not be tried fairly in Camden. Motions for change of venue are required to be made no later than ten days after the last responsive pleading. R. 4:3-3(b). If a motion to change venue is not timely

A-2033-18T2

made, the right to raise the issue is waived absent substantial doubt that a fair trial can be conducted. Ibid.

A challenge to venue was required to be raised well before trial. Here, defendant never claimed venue was improper until she filed her appeal. Because defendant failed to make a motion for a change of venue before the trial judge, we reject defendant's argument that the judge erred in proceeding with the trial in Camden County.

Even on the merits, defendant's belated claim that venue should have been in Atlantic County, where the surveyed property was located, must fail. According to Rule 6:1-3(a), venue is proper in Camden County if one defendant resides there. Here, defendant owned property in Camden County, had personal checks listing defendant's address in Camden County, and accepted service of plaintiff's summons and complaint in Camden County.

Having reviewed the record, the trial judge's decision is consistent with the relevant, credible evidence. The judge carefully reviewed the evidence, and made detailed findings of fact supported by the evidence. We decline to disturb those findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2033-18T2