**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2572-19

JAY BONANZA BRILEY,

      Plaintiff-Appellant,

v.

EDWARD DIMON and
CARLUCCIO, LEONE,
DIMON, DOYLE
& SACKS, LLC,

      Defendants-Respondents.

_____

        Argued November 9, 2021 – Decided February 4, 2022

        Before Judges Haas and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1626-18.

        Raphael Mark Rosenblatt argued the cause for appellant (Rosenblatt Law, PC, attorneys; Jay Bonanza Briley, on the briefs).

        Gary Ahladianakis argued the cause for respondents (Carluccio, Leone, Dimon, Doyle & Sacks, LLC, attorneys; Gary Ahladianakis, of counsel and on the brief).

PER CURIAM

Plaintiff Jay Bonanza Briley, pro se,[1] appeals from (a) a May 20, 2019 order changing the track assignment from track 1, case type 511-action on negotiable instrument to track 3, case type 607-professional malpractice; (b) a November 12, 2019 order dismissing plaintiff's case with prejudice pursuant to N.J.S.A. 2A:53A-27 for failure to provide an Affidavit of Merit (AOM) within the 120-day deadline; and (c) a January 13, 2020 order denying plaintiff's motion for reconsideration. We affirm.

We discern the following facts from the record. On August 2, 2018, plaintiff filed a complaint in Burlington County against defendants Edward Dimon and Carluccio, Leone, Dimon, Doyle & Sacks, LLC alleging breach of contract.[2] The complaint stems from an underlying federal court action in which plaintiff retained defendants to negotiate with the United States Attorney in connection with plaintiff's already existing habeas corpus petition seeking plaintiff's immediate or earlier release from incarceration. In his Burlington

_____

[1] Plaintiff proceeded pro se for the entirety of his trial court case.

[2] Plaintiff first filed a similar complaint in the United States District Court for the District of New Jersey alleging breach of contract and ineffective assistance of counsel, but that case was dismissed with prejudice on November 27, 2018 following plaintiff's motion to withdraw.

2                                                                    A-2572-19

County complaint, plaintiff alleged defendant Edward Dimon breached their contractual agreement by failing to file a notice of appearance in court or provide assistance, thereby causing plaintiff physical and mental injury. Plaintiff sought $6,505,000 in compensatory damages and $13,010,000 in punitive damages. Defendants contend "Dimon did successfully negotiate [o]n behalf of [p]laintiff an early release of six months of [p]laintiff's sentence to permit entry into a half-way house."[3] On August 7, 2018, the case was assigned to track 1.

Defendants filed their answer on March 13, 2019. On April 23, 2019, defendants requested a Ferreira[4] hearing, which was scheduled for June 14, 2019. On May 20, 2019, before the conference, the court ordered the track assignment be changed from track 1 to track 3, case type 607.

At the June 14, 2019 Ferreira hearing, defendants requested the court "enter an order requiring a deadline for an [AOM] to be provided." The judge then asked plaintiff if he knew that he "must have an affidavit from another attorney who says or swears under oath that the defendants have violated" the standard of care. At that point, plaintiff argued his case was actually a breach of contract case, to which defendants argued even though plaintiff labeled his

---

[3] There is nothing in the record to substantiate or repudiate defendants' claim.

[4] Ferreira v. Rancocas Orthopedics Assocs., 178 N.J. 144 (2003).

3

case a "breach of contract" case, plaintiff was in essence asserting a malpractice claim. After hearing more arguments from both sides, the judge stated, "I think the best way to handle this or the way we'll have to handle it is for you to file a motion and the Court will decide it since you and the plaintiff disagree on the cause of action, I think we should handle it that way." Neither party, however, filed a motion on that issue.

On September 24, 2019, defendants filed a motion to dismiss based on plaintiff's failure to file an AOM within 120 days pursuant to N.J.S.A. 2A:53A-27. The 120-day mark expired on July 11, 2019. On October 1, 2019, plaintiff filed a motion to compel discovery from the United States Parks Police and from defendants. That same day, plaintiff also filed a motion to amend the complaint to include a claim of ineffective assistance of counsel. On October 16, 2019, plaintiff filed a motion for leave to file an AOM, which he had obtained on October 8, 2019, 209 days after defendants filed their answer and eighty-nine days after the 120-day deadline allowed by the AOM statute.

On November 8, 2019, the court heard arguments on the motions. At that hearing, plaintiff argued he was never informed about the track change and was not properly notified about the need for an AOM at the June 14, 2019 hearing. Plaintiff also testified he was only informed about the need for an AOM after he

received defendants' motion to dismiss and contacted the court's clerk. Once he was "formally" appraised of his obligation to provide an AOM, plaintiff testified he immediately obtained one and attempted to submit it to the court.

Defendants argued plaintiff failed to present an exceptional circumstance to justify filing an AOM after the 120-day period. Defendants asserted that ignorance of the requirement is not an exceptional circumstance. Defendants also argued the legislative statute regarding the time frame for filing an AOM is not a requirement that the court can relax.

On November 12, 2019, the judge issued an order granting defendants' motion to dismiss and denying plaintiff's motions. In the judge's statement of reasons accompanying her November 12, 2019 order, the judge stated, "[t]he [c]ourt has limited discretion in this area. N.J.S.A. 2A:53A-27 allows for at maximum a 120-day deadline to file an [AOM]." The judge reasoned plaintiff was "alerted that an [AOM] was due" at the June 14, 2019 Ferreira hearing, and thus the case should be dismissed because plaintiff failed to timely file the required AOM.

On December 2, 2019, plaintiff filed a motion for reconsideration, which was denied by order dated January 13, 2020. The judge reasoned the transcript of the June 14, 2019 Ferreira hearing was not new evidence and even if it was,

5

"a reading of the transcript shows that [p]laintiff was indeed put on notice that he was required to file an [AOM] but failed to do so within the time required." The judge also rejected plaintiff's argument that he could not see the order changing the track since "e-courts is freely accessible to any self-represented litigant via the [c]ourt's website."  This appeal followed.

On appeal, plaintiff raises the following arguments for our consideration:

POINT I

[THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE FILING OF AN AFFIDAVIT OF MERIT IN ACCORDANCE WITH REQUIREMENTS OF N.J.S.A. 2A:53A-27, BECAUSE THE COURT FAILED, PURSUANT TO RULE 4:5B-4, TO ALERT THE PLAINTIFF THE NEED TO FILE AN AFFIDAVIT OF MERIT, AND WHEN THE AFFIDAVIT MUST BE FILED. THE COURT QUESTIONED THE PLAINTIFF IF HE WAS AWARE THAT HE MUST FILE AN AOM, BUT THE COURT FAILED TO CORRECT THE PLAINTIFF AND PLAINLY DIRECT THE PLAINTIFF HE MUST SUBMIT AN AOM. IMPORTANTLY UNDER R 4:5B-4, THE COURT IS REQUIRED TO TELL THE PLAINTIFF WHEN THE AOM MUST BE FILED. IF THE TRIAL COURT HAD, IT WOULD HAVE EFFECTIVELY LESSENED THE PROCEDURAL BURDENS IN THIS CASE.]

POINT II

[THE TRIAL COURT FAILED TO PROVIDE A CASE MANAGEMENT ORDER, PURSUANT TO

6

RULE 4:5B-4(B). A CASE MANAGEMENT ORDER SHALL MEMORIALIZE THE CONFERENCE CONDUCTED UNDER PARAGRAPH (A) OF THIS RULE AND SHALL ADDRESS: (1) THE SUFFICIENCY OF THE AFFIDAVIT OF MERIT; (2) WHETHER THERE ARE ANY DISPUTES REGARDING THE AFFIDAVIT OF MERIT UNDER N.J.S.A. 2A:53A-41.]

This court reviews a trial court's decision to dismiss a complaint under the AOM statute de novo. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016). This court also reviews de novo a trial court's determination of whether an AOM is required and whether plaintiff has demonstrated extraordinary circumstances as a defense to the AOM statute. Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 113 (App. Div. 2011).

N.J.S.A. 2A:53A-27 provides in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the

7

affidavit pursuant to this section, upon a finding of good cause.

To determine whether the AOM statute applies to a particular claim against a "licensed person," the court must consider three factors:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).
>
> [Triarsi, 422 N.J. Super. at 114 (alteration in original) (quoting Couri v. Gardner, 173 N.J. 328, 334 (2002)).]

In evaluating the cause of action and the nature of the injury to determine whether a claim requires an AOM, "courts must look to the underlying factual allegations, and not how the claim is captioned in the complaint . . . . [I]t is the nature of the proof required that controls." Ibid. (alteration in original) (quoting Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F. Supp. 2d 307, 315 (D.N.J. 2010)). Further, "attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession." Couri, 173 N.J. at 340.

8

Here, each factor is satisfied, indicating that plaintiff's claim falls within the purview of the AOM statute. Regarding the first factor, plaintiff's complaint sought compensatory and punitive damages for mental, physical, and monetary harm he suffered as result of defendants' conduct. Therefore, plaintiff is clearly seeking damages for personal injury.

Concerning the second and third factors, plaintiff's complaint alleged defendants' conduct fell "below the norm of adequate negotiation." In his brief, plaintiff states defendants were hired to: "represent him in negotiations with the U.S. Attorney; . . . be his legal representation in Federal Court for . . . [p]laintiff's Habeas Corpus case; and . . . most importantly serve a subpoena in order to receive exculpatory evidence on [p]laintiff's criminal case." Plaintiff then states, "[d]efendant's failure to file [a notice of appearance] caused . . . [p]laintiff to remain incarcerated and not receive the exculpatory evidence that more than likely would have reversed his sentence."

The retainer agreement between the parties provided defendants would "represent [plaintiff] in negotiations with the U.S. Attorney and in Federal Court." The retainer agreement also stated "[t]he key is developing a position with the U.S. Attorney which is beneficial to both [plaintiff] and the U.S. Attorney. A good example would be agreement for 'time served' to avoid a

determination on the legal issues." Defendants contend Dimon did successfully negotiate an early release of six months. Plaintiff admits "[defendants] contacted the U.S. Attorney and made several calls." Defendants therefore performed under the retainer agreement.

Accordingly, plaintiff alleged defendants' performance fell below an undefined standard of care.[5] Plaintiff clearly expected defendants to negotiate a shorter sentence, or even a reversal of his conviction and/or sentence, and he filed this lawsuit when he was disappointed with the result achieved. Defendants' decision not to file a notice of appearance or take further action is a question of whether they adequately performed their duties as plaintiff's counsel. Notwithstanding plaintiff pleading his cause of action as a breach of contract, based on the underlying allegations he is undoubtedly asserting a claim of malpractice and alleging that defendants failed to adhere to professional standards. See Couri, 173 N.J. at 338 ("[A] breach of contract claim for failing to perform up to professional standards [i]s within the ambit of the [AOM] statute, regardless of the phrasing.").

---

[5] In plaintiff's federal complaint, which mirrors the Burlington County complaint, plaintiff consistently alleged "ineffective assistance of counsel" and cited multiple instances where defendants did not perform adequately.

We also reject plaintiff's argument that his non-compliance should be excused based on extraordinary circumstances. "[I]gnorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline of N.J.S.A. 2A:53A-27." Hyman Zamft & Manard, LLC v. Cornell, 309 N.J. Super. 586, 593 (App. Div. 1998). The 120-day deadline for which to file an AOM will not be extended for "carelessness, lack of circumspection, lack of diligence, or ignorance of the law." Balthazar v. Atl. City Med. Ctr., 358 N.J. Super. 13, 26 (App. Div. 2003).

In addition, "[p]rocedural rules are not abrogated or abridged by plaintiff's pro se status." Rosenblum v. Borough of Closter, 285 N.J. Super. 230, 241 (App. Div. 1995). If litigants choose to represent themselves, "they must understand that they are required to follow accepted rules of procedure promulgated by the Supreme Court to guarantee an orderly process. Such litigants are also presumed to know, and are required to follow, the statutory law of this State." Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989).

In this case, plaintiff did not file an AOM until well beyond the 120-day requirement. The 120-day deadline was July 11, 2019, and plaintiff did not obtain an AOM until October 8, 2019, eighty-nine days after the 120-day

11

deadline. Thus, plaintiff has not presented extraordinary circumstances to warrant excusing his failure to file a AOM within 120 days.

Finally, we reject plaintiff's argument that the court violated Rule 4:5B-4. Rule 4:5B-4 states in pertinent part:

> (a) Case Management Conference. Within ninety (90) days of the filing of the first answer in all professional malpractice cases, the court shall conduct a case management conference to address discovery related issues, including the sufficiency of an affidavit of merit provided pursuant to N.J.S.A. 2A:53A-27 . . . .
>
> (b) Case Management Order. A case management order shall memorialize the conference conducted under paragraph (a) of this Rule and shall address: (1) the sufficiency of the affidavit of merit; (2) whether there are any disputes regarding the affidavit of merit . . . .

It is undisputed that the parties had a case management conference on June 14, 2019. At the conference, plaintiff was clearly made aware that a legal malpractice claim requires an AOM. That the court never provided a case management order does not obviate the requirements of the AOM statute. See Yagnik v. Premium Outlet Partners, LP, 467 N.J. Super. 91, 109 (App. Div. 2021) (finding that the lack of a case management order or Ferreira conference "provides no legal justification for an untimely AOM.").

To the extent not addressed, we conclude plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13