> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2529-23

TRIMLINE FINISH
CARPENTRY LLC,

     Plaintiff-Respondent,

v.

STEPHEN T. SCARBOROUGH,
a/k/a S. TODD SCARBOROUGH,

     Defendant-Appellant.

_____

     Argued December 11, 2024 – Decided February 25, 2025

     Before Judges Currier and Paganelli.

     On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0062-23.

     William J. Kaufmann argued the cause for appellant (Nehmad Davis & Goldstein, PC, attorneys; William J. Kaufmann and Rachel Lida Koutishian, on the briefs).

     Jonathan F. McCrosson argued the cause for respondent (McCrosson & Stanton, PC, attorneys; Jonathan F. McCrosson, on the brief).

PER CURIAM

In this matter, defendant, a real estate developer who constructs new homes, appeals from the Law Division order denying his motion to compel the litigation to proceed in arbitration. Because an analysis of the factors articulated in Cole v. Jersey City Medical Center, 215 N.J. 265 (2013), demonstrates defendant waived his right to arbitration, we affirm.

In 2022, defendant hired plaintiff, a carpentry business, to install wood trim in a home defendant was building as his personal residence. On June 2, 2022, plaintiff's principal texted defendant, asking: "Do you want a formal contract[?]" Defendant replied: "I'll get it to you Wednesday morning[, June 8]." On June 16, 2022, defendant texted, "[p]lease forward [the] $10,000 invoice and I'll get [a] check prepared today," and plaintiff's principal replied, "do you want me to come to your office to sign the contract." Defendant responded, "Just scan it to me[,] I'll be to the site today to deliver check."

Thereafter, plaintiff worked on defendant's home, which took somewhere between six and nine months to perform. Plaintiff was paid approximately $76,000 for the work; it contends defendant owes approximately $36,000 more.

Plaintiff instituted a breach of contract action. In paragraph five of its complaint, plaintiff averred "[o]n or about June 8, 2022, [d]efendant and [p]laintiff entered into a subcontractor agreement ("[c]ontract") . . . ." Paragraph

six alleged "[d]efendant prepared the [c]ontract." Plaintiff did not attach the contract to the complaint.

In his answer, defendant admitted he prepared the contract, but he denied paragraph five of the complaint that the parties executed the contract. Defendant also presented numerous counterclaims, including alleging entitlement to treble damages under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and violations of The New Home Warranty and Builders' Registration Act, N.J.S.A. 46:3B-1 to -20, and the Home Improvement Practices regulation, N.J.A.C. 13:45A-16.1 to -16.2.

Discovery ensued, during which defendant, representing himself, continued to deny the existence of a validly executed contract. For instance, in defendant's response to interrogatories, he stated "[t]here was no fully executed contract with . . . plaintiff."

In December 2023, defendant retained counsel who filed a substitution of attorney. In March 2024, defendant's attorney sent a letter to plaintiff's counsel asking that the matter proceed to arbitration in accordance with the contract. Around the same time, the parties deposed defendant's construction site supervisor. When shown the contract, the supervisor recognized it as similar to

3

the subcontractor contract he had with defendant and confirmed defendant had prepared the contract.

Thereafter, defendant served a notice for production of documents, requesting:

> Copies of all documents, correspondence, or communication which [p]laintiff purports to be a valid and binding contract between [p]laintiff and [d]efendant, or which relate to matters alleged in the [c]omplaint or denials asserted in [the a]nswer to the [c]ounterclaim or pertaining to the issues raised by the claims and by the defenses which have been pled. . . .
>
> . . .
>
> [A c]opy of the June 8, 2022 "subcontractor agreement" referred to in [p]aragraph 5 of the [c]omplaint.

Plaintiff complied with the request, providing the contract, text messages and emails exchanged between the parties, and numerous other documents. The contract included an arbitration clause entitled "Section Thirteen Governing Laws and Venue," which stated:

> The [i]nterpretation of this Agreement, including any alleged breach hereof, shall be subject to the laws of the State of New Jersey. Any and all disputes under this Agreement shall be settled by binding arbitration through the use of one arbitrator designated by both parties. The costs of any arbitration proceeding shall be [paid] by both parties, and the decision of the arbitrator shall be final and binding upon the parties. . . .

4

On the signature page, defendant was listed on the first line as the "[g]eneral [c]ontractor." Plaintiff was labeled as the "[s]ubcontractor." The copy produced by plaintiff only had plaintiff's principal's signature.

Section six of the contract, entitled "Acceptance of Contract and Effect of the Acceptance" stated:

> Subcontractor must accept the terms and conditions of this Agreement by signing and returning a fully executed Agreement within five . . . days of receipt of this Agreement from [g]eneral [c]ontractor. This Agreement [i]s superior to and takes precedence over any other agreement or contract that [s]ubcontractor may provide to [g]eneral [c]ontractor [i]n furtherance of the services to be performed by [s]ubcontractor under this Agreement. . . .

On March 25, 2024, defendant moved to stay the proceedings and compel arbitration. In opposing the motion, plaintiff asserted defendant waived the right to arbitrate when he filed responsive pleadings and participated in the litigation, including propounding and responding to discovery, appearing for mediation and the case management conference, and continuing to deny there was a valid contract.

The court denied defendant's motion, reasoning that because defendant denied the existence of a valid contract throughout the litigation, he could not

seek to enforce the contract's arbitration provision. The court stated in its oral decision:

> I'm denying the motion for that reason. It . . . borders on silly and frivolous to try to enforce an agreement that you don't concede is the enforceable agreement. Even if that was not the case, even if this was agreed by . . . defendant, that this is the contract . . . [and] even if I were to rely on the seven factors listed in . . . Cole . . . and Spaeth [v. Srinivasan, 403 N.J. Super. 508, 514 (App. Div. 2008)], the [c]ourt would still deny the motion.

The court included its analysis of the Cole factors in denying defendant's motion. A memorializing order was entered on April 15, 2024.

Our review of a trial court's order granting or denying a motion to compel arbitration is "de novo because the validity of an arbitration agreement presents a question of law." Santana v. SmileDirectClub, LLC, 475 N.J. Super. 279, 285 (App. Div. 2023). "Nonetheless, the factual findings underlying the waiver determination are entitled to deference and are subject to review for clear error." Cole, 215 N.J. at 275.

We are "mindful of the strong preference to enforce arbitration agreements." Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013). However, "[a]lthough 'arbitration [is] a favored method for resolving disputes . . . [t]hat favored status . . . is not without limits.'" Gayles v. Sky Zone

Trampoline Park, 468 N.J. Super. 17, 23 (App. Div. 2021) (second and third alterations in original) (quoting Garfinkel v. Morristown Obstetrics & Gynecology Assocs., PA, 168 N.J. 124, 131-32 (2001)). "[A]n arbitration agreement may be modified or superseded," and in certain circumstances, waived. Cole, 215 N.J. at 276 (alteration in original) (quoting Wein v. Morris, 194 N.J. 364, 376 (2008)).

On appeal, defendant contends the trial court erred in finding he waived his right to arbitration.

In Cole, the Court articulated seven factors for a court to consider when determining whether a party waived its right to arbitration. Under Cole, in conducting this "fact-sensitive analysis," a court "must focus on the totality of the circumstances" with concentration "on the party's litigation conduct to determine if it is consistent with its reserved right to arbitrate the dispute." Id. at 280. In addition, a court should consider:

> (1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought arbitration to the date of

trial; and (7) the resulting prejudice suffered by the other party, if any.

[Id. at 280-81.]

We turn to the trial court's consideration of these factors.

a. The delay in seeking the arbitration request.

Defendant argues he did not delay in seeking arbitration. He states that because plaintiff did not provide the contract with its complaint, defendant could not "discern whether or not the version of the [contract] to which the [c]omplaint was referring even contained an arbitration provision." Once plaintiff provided the contract in response to the discovery demand, defendant states he promptly moved to initiate arbitration.

The trial court found factor one weighed in plaintiff's favor, explaining: "[D]efendant drafted [the contract]. [Defendant] knew [the arbitration provision] was in the document. The[] delay in seeking the arbitration request was just as much a delay by . . . defendant as it was . . . [by] plaintiff."

Defendant prepared the contract and included an arbitration provision. Yet, defendant did not assert the arbitration clause until more than 400 days after plaintiff filed its complaint. During that time, defendant steadfastly denied the existence of a valid contract and participated in discovery. Defendant is solely responsible for the extensive delay in raising the arbitration provision.

b. The filing of any motions, particularly dispositive motions, and their outcomes.

Defendant did not file any dispositive motions. However, plaintiff submitted two discovery motions to which defendant responded. Moreover, defendant served plaintiff with an offer of judgment on March 13, 2024. These actions demonstrate defendant's active level of participation in the litigation before the trial court without any intention to proceed to arbitration.

c. Whether the delay in seeking arbitration was part of the party's litigation strategy.

The trial court found this factor weighed in favor of waiver, explaining: "I don't know if it was litigation strategy or what, but, clearly, denying the existence of a contract was part of the defendant's litigation strategy. So that's a . . . factor that weighs in favor of denying the motion."

We discern no reason to disturb the court's factual finding. As stated, defendant benefitted in receiving discovery, including participating in a deposition, prior to seeking arbitration.

d. The extent of discovery conducted.

We have found that a party may waive its right to arbitration if it participates "in prolonged litigation, without a demand for arbitration or an

assertion of a right to arbitrate. . . ." Cole, 215 N.J. at 277 (quoting Hudik-Ross, Inc. v. 1530 Palisade Ave. Corp., 131 N.J. Super. 159, 167 (App. Div. 1974)). Further, in Lucier v. Williams, 366 N.J. Super. 485, 500 (App. Div. 2004), this court found: "[p]arties waive the right to arbitration where they commence litigation or use the litigation process improperly, such as to gain pretrial disclosure not generally available in arbitration."

The trial court found: "[T]he discovery has occurred, there has been exchange of documents, interrogatory responses, if depositions haven't been taken, they're going to be taken soon."[1] The court also noted the discovery end date had passed.[2] Similar to our discussion above, this factor weighs in favor of waiver.

e. Whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense or provided other notification of its intent to seek arbitration.

Plaintiff referred to the contract multiple times in its complaint and in its requests for admissions. Defendant asserted eight affirmative defenses, five

---

[1] The first deposition was completed just over a week before defendant moved to compel arbitration.

[2] After the court denied the motion to compel arbitration, it extended the discovery end date to June 1, 2024.

A-2529-23

counterclaims, and demanded a jury trial in his answer. He did not mention the arbitration provision in his pleadings or raise it as an affirmative defense. There was no intent to seek arbitration until more than thirteen months after the complaint was filed. This factor weighs in favor of waiver.

    f. <u>The proximity of the date on which the party sought arbitration to the date of trial.</u>

    The record does not establish a trial date was set at the time defendant moved to compel arbitration. In considering this factor, the court stated: "[W]e're certainly close[r] to the trial, I'm hoping, than we are to the complaint being filed . . . the discovery end date [has passed], so . . . I think that factor weighs in favor of denying the motion."

    Because there was no trial date in place when defendant sought arbitration, this factor likely weighed against waiver.

    g. <u>The resulting prejudice suffered by the other party, if any.</u>

    In considering this final factor, the court stated:

> [B]ecause of the period of time that [has passed] . . . the discovery has occurred, there has been exchange of documents, interrogatory responses, . . . depositions . . . [will be] taken soon . . . there would be prejudice to the plaintiff, who anticipated this matter being resolved in Superior Court, the forum of its choice, as opposed to arbitration.

Subsequent to Cole, both the United States Supreme Court and this court have found that prejudice is a non-dispositive factor. See Morgan v. Sundance, Inc., 596 U.S. 411, 417 (2022); Marmo & Sons Gen. Contracting, LLC v. Biagi Farms, LLC, 478 N.J. Super. 593, 607-09 (App. Div. 2024) (stating the "inclusion of prejudice within [the] multifactor test as a non-dispositive and non-essential consideration does not unduly tilt the waiver analysis for or against arbitration. It is simply something the court should consider within the overall mix of factors."). Therefore, we do not accord this factor much weight for either side other than to note that plaintiff has provided over 600 documents to defendant while still awaiting court-ordered discovery in return. This discovery might not have been so readily available in arbitration. See id. at 613.

In denying defendant's motion, the trial court concluded:

> [T]here's no fact here upon which this [c]ourt could find that there was an oversight by . . . defendant or anything else. This was just a decision made to argue that there was no contract and, therefore, they didn't pursue the arbitration provision in that contract. It was . . . either a litigation strategy or a litigation tactic[], but whatever it is, that's what they did. That's clear as day.

An analysis of the Cole factors supports the trial court's order finding defendant waived his right to seek arbitration. The factors weigh heavily in favor of waiver. As we recently stated in Hopkins v. LNLV Funding LLC, __

N.J. Super. ___, ___ (App. Div. 2025) (slip op. at 16), "defendant[] engaged in litigation conduct that was inconsistent with [his] purported right to arbitrate the dispute with plaintiff."

Moreover, the inequity of defendant seeking to enforce a provision of a contract he alleged was invalid is substantial. Defendant cannot deny the existence of a valid contract which he prepared, and then attempt to enforce the contract's arbitration provision.

We decline to grant defendant leniency, as he urges, because he was a self-represented litigant during a period of this litigation. Defendant is a businessman who prepared the contract and included an arbitration provision in the document. Moreover, a self-represented litigant is required to know and follow the court rules and statutory law. See Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13