**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1441-24

J.H.C.,

    Plaintiff-Appellant,

v.

T.E.P.,

    Defendant-Respondent.

_____

        Submitted December 8, 2025 – Decided February 6, 2026

        Before Judges Natali and Walcott-Henderson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-4606-98.

        J.H.C., self-represented appellant.

        Respondent has not filed a brief.

PER CURIAM

      Plaintiff J.H.C. appeals from a December 11, 2024 Family Part order dismissing her motion for reconsideration, by consent, and continuing child

support for the parties' minor child as set forth in a June 20, 2024 order.  Plaintiff seeks reinstatement of her motion for reconsideration and child support as set forth previously established in a March 27, 2024 order, "which had addressed both arrears and financial hardship due to [defendant]'s incomplete payment." Defendant did not participate in this appeal.  We affirm.

The following relevant facts are mostly taken from plaintiff's certification and prior court orders.  Plaintiff and defendant were never married, but have one child together, J.P., born in early 2012, who resides with plaintiff.

Following a June 19, 2024 hearing, a Family Part judge issued an order modifying defendant's child support obligation for J.P., mandating defendant to pay $160 per week pursuant to the Child Support Guidelines ("the Guidelines") and $25 per week towards arrears until satisfied, effective May 18, 2024.[1]

Plaintiff moved for "reinstatement of the prior child support order dated March 27, 2024," which the court considered a motion for reconsideration of its June 20 order.  Plaintiff's application specifically sought:  reinstatement of both the arrearage payment plan suggested during the March 27 hearing; a finding that defendant's early retirement does not relieve him of his support obligations;

---

[1] This same order addressed defendant's application for emancipation of another child and included the parties respective share of unreimbursed medical expenses for J.P.

A-1441-24

and inclusion of all sources of defendant's income, including income from his cigar lounge business.

Plaintiff argued defendant retired early from his position as a firefighter for the City of Newark and was now underemployed and failing to report all of his income from his new business venture. She further argued that following his resignation from the City, full child support payments were not consistently made, contributing to significant arrears and her ongoing financial hardship. Plaintiff also certified that she had recently resigned from her position as a federal officer with the Department of Homeland Security to become the primary caregiver for J.P., who she states is on the autism spectrum and requires specialized care. Defendant disputed that J.P. is autistic.

The Family Part judge commenced the hearing by acknowledging that plaintiff essentially filed a motion for reconsideration asking the court to review defendant's tax returns from the cigar lounge. The judge stated, "when we were last here, we used the pension numbers for [defendant] and . . . $500 a month for the cigar [lounge] and . . . I think $20,800 for [plaintiff]" and ran the Guidelines, noting that defendant had two other children.

The judge advised plaintiff the new guideline calculation would result in a reduction in the amount of child support J.P. would be entitled to, stating "I

A-1441-24

don't know if at this point in time you want to just leave the [$]160 alone."  In fact, the court pointed this out to plaintiff on several other occasions throughout the hearing.

The judge also inquired whether plaintiff ever applied for Social Security Disability ("SSD") for J.P.  Plaintiff responded, "[n]o, I feel like this is my son, the responsibility is me and his parent, we brought him into the world."

In response to defendant's inquiry regarding her income, plaintiff testified that she operates a nonprofit organization used to publish and market her books and speaking engagements, and that the organization has generated no income to date other than grants, which she provided to the court.[2]

The judge again repeated that she ran the Guidelines and defendant's child support obligation is now less than it was before (less than $160 per week), and inquired again into whether plaintiff wanted to leave it at $160 instead of pursuing the reconsideration motion that would result in a reduction in defendant's weekly support obligation to $133 per week.  Plaintiff responded, "I guess so," further stating she had no additional questions.

---

[2]  Plaintiff provided copies of two checks totaling $7,100, which were made payable to her nonprofit in 2024:  a check for $2,100 for a speaking engagement; and a second check showing a $5,000 grant.

4

Following the hearing, the Family Part judge entered an order continuing child support at $160, the amount previously set in the June 19 order "for the reasons set forth on the record and by consent of the parties,"[3] and dismissed plaintiff's motion for reconsideration. The arrears at that time were noted to be $7,764.02.

Plaintiff appealed, essentially arguing the court improperly calculated defendant's income and "capacity to earn more" along with the unique needs of J.P., "thereby exacerbating her financial hardship." Plaintiff raises eight issues framed as questions, rather than assertions, including "[w]hether the trial court erred in continuously referencing the defendant's . . . prior unrelated case (with a different plaintiff) . . . ," however, we glean from these "issues" that plaintiff is primarily challenging the court's calculation of support based on defendant's pension and income from the cigar lounge, rather than imputing income to defendant, who plaintiff avers retired early and should be earning more.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12

---

[3] This record does not include the transcript of the June hearings.

A-1441-24

(citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).  We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters."  Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413); see also Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016) (recognizing that "our review of the Family Part's determinations regarding child support is limited").  Accordingly, we generally defer to factual findings made by family judges when such findings are "supported by adequate, substantial, credible evidence."  Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015)); see also Gnall v. Gnall, 222 N.J. 414, 428 (2015).

Moreover, child support determinations are governed by Rule 5:6A and the Child Support Guidelines under Appendix IX to the Court Rules.  See Pressler & Verniero, Current N.J. Court Rules, Appendix IX (2026).  A Family Part judge must apply the Guidelines to all actions to establish or modify child support unless the court finds that their application would be inappropriate in a particular case.  Gormley v. Gormley, 462 N.J. Super. 433, 450 (App. Div. 2019).  We review a child support award for abuse of discretion and will disturb it only if it is inconsistent with the Guidelines, unsupported by the evidence, or

based on a mistaken application of the law. Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015).

Plaintiff makes several procedural arguments related to the manner in which the child support obligation was reduced and argues the court wrongly considered defendant's "improperly" filed motion at the June 2024 hearing, treated her unfairly and disrespectfully, and failed to consider all the evidence.

We reject plaintiff's arguments and affirm the Family Part judge's dismissal of plaintiff's motion for reconsideration and continuation of the June 19, 2024 child support order. We reach this conclusion after our review of the record with the appropriate deference accorded to decisions of Family Part judges, who are experts in this field. See Harte, 433 N.J. Super. at 461 (quoting Cesare, 154 N.J. at 413). Moreover, the record shows that plaintiff agreed with the court that facing the possibility of a reduction in child support, she would abide by the June order.

As to plaintiff's arguments challenging the court's decision to consider defendant's late cross-motion at the time of her motion, the court clarified, "[defendant] filed the appropriate application to . . . modify his child support obligation." The court explained, "we don't just do one thing . . . [s]o that's why we [are going to] . . . address, his downward modification based on a change in

circumstances." The court further noted that "[b]oth parties are free to file another application if they find out additional information or if there's a change in circumstances."

We are further satisfied that plaintiff failed to demonstrate the Family Part judge's decision was based on a palpably incorrect or irrational basis; the court did not consider or failed to appreciate the significance of probative, competent evidence; or that the discretionary interest of justice required considering new evidence, which had not been previously available. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (finding reconsideration under Rule 4:49-2 is warranted when: a decision is based upon a palpably incorrect or irrational basis; a court did not consider or failed to appreciate the significance of probative, competent evidence; or when the discretionary interest of justice require considering new evidence which had not been previously available) (citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

We also note that plaintiff does not specifically dispute the court's calculation of child support with proof that the income used in the Guidelines constituted error. Instead, plaintiff makes generalized statements regarding defendant's early retirement from the City and accuses him of being underemployed, or underreporting his current income. Plaintiff's self-serving

assertions are insufficient to establish the judge abused her discretion in analyzing and calculating child support in the June 2024 order, as required to demonstrate reconsideration is warranted under Rule 4:49-2. Plaintiff's status as a self-represented litigant does not abrogate the requirement that she establish the basis for a motion for reconsideration under Rule 4:49-2. "Procedural rules are not abrogated or abridged by plaintiff's [self-represented] status." Rosenblum v. Borough of Closter, 285 N.J. Super. 230, 241 (App. Div. 1995); see also Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App. Div. 1989).

Plaintiff next contends the judge's comments "contributed to an intimidating environment." We disagree. The judge at all times displayed patience, courtesy, decorum and demeanor consistent with canon 3 of the Code of Judicial Conduct and N.J.R.E. 611(a) throughout these proceedings. The judge first ensured plaintiff had copies of all financial documents, including defendant's most recent tax returns, advised on its use of both parties' financials in calculating support based on the Guidelines, and further explained the results of its calculations considering defendant's other child who was also entitled to child support. The judge further inquired into whether plaintiff had filed for

9

SSD for J.P. given her testimony that he was disabled, stating "I'm not sure you would qualify but that might be some avenue you might want to look into."

Ultimately, the judge considered the parties' income and calculated support using the Guidelines, but instead of reducing the child support obligation for J.P., the judge thoughtfully inquired into whether plaintiff desired for the support amount to remain as it was in the June 2024 order. Further, when plaintiff raised a concern regarding the amount of then-existing arrears defendant owed, the judge explained "[s]o now he had to pay . . . [$]160 plus [$]25. So he owes $185 a week. Hopefully now that will begin to bring down the arrears." Plaintiff responded, "Okay, I'll need it, I'll need it." The judge took steps to ensure plaintiff's understanding and consent to keep the child support award at $160 per week and plaintiff agreed, prompting the court to dismiss the motion.

Under these circumstances, we are convinced the Family Part judge addressed all outstanding issues and properly dismissed the motion for reconsideration with plaintiff's consent. The judge further stated plaintiff could refile the application with additional information if she chose to do so. Accordingly, we affirm the dismissal of the December 2024 order, substantially for the reasons expressed by the Family Part judge.

10

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1441-24